1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9  Dennis Andrew Ball, personally and as)    No. CV-09-0635-PHX-LOA
   Benefactor of the Eleanor R. Ball IrreLvg)
10  Trust 05/10/01,                       )    **ORDER TO SHOW CAUSE**
                                           )
11                    Plaintiff,           )
                                           )
12  vs.                                    )
                                           )
13                                         )
    The City of Peoria, Arizona & Police)
14  Dept. Both generally and severally,    )
                                           )
15                    Defendants.          )
                                           )
16  _____)

17

18         This matter arises on the Court's review of the file. On March 30, 2009,

19  Plaintiff filed a  *pro se*  Complaint against Defendants City of Peoria ("the City") and its

    Police Department.[1]  (docket # 1)  Plaintiff expressly consented in writing to magistrate-
20
    judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).  (docket # 3)  For the reasons set forth
21
    below, the Court will order Plaintiff to show cause in writing why his Complaint should not
22

23  _____

24         [1] The Peoria Police Department is not a proper party because it is not a jural entity
    separate and apart from the City of Peoria. *Gotbaum ex rel. Gotbaum v. City of Phoenix*,
25  2008 WL 4628675, * 6-7 (D.Ariz. 2008) ("[T]he Court concludes that the Phoenix Police
    Department is a subpart of the City of Phoenix, not a separate entity for purposes of suit.");
26  *Austin v. State of Ariz.*, 2008 WL 4368608, *5 (D.Ariz. 2008).

27

28

1   be dismissed with prejudice for failure to state a claim upon which relief may be granted

2   pursuant to Rule 12(b)(6), FED.R.CIV.P.

3                                    **BACKGROUND**

4              By now, several judges in this District Court are familiar with this *pro se*

5   Plaintiff. Dennis Andrew Ball ("Mr. Ball") has nine (9) different lawsuits pending, including

6   the case *sub judice*, in the Phoenix Division of this District Court.[2]  Most, if not all, of his

7   lawsuits are directly or indirectly related to his late mother's trust and estate. Interestingly,

8   two additional cases (Ball v. Ball *et al*, 2:09-cv-00083-JAT, and   Ball v. Peoria, Arizona,

9   City of *et al*, 2:09-cv-00084-JAT,) were filed by Mr. Ball on January 13, 2009 and dismissed

10  without prejudice at Mr. Ball's request on March 13, 2009 shortly after the assigned District

11  Judge, the Honorable James A. Teilborg, denied Mr. Ball's Motion for Leave to Proceed In

12  Forma Pauperis in both cases. It appears that Mr. Ball refiled the identical Complaint in this

13  case that he filed in 2:09-cv-00084-JAT in an improper attempt at "judge shopping" and to

14  avoid paying the $350.00 filing fee ordered by Judge Teilborg.

15             Mr. Ball, apparently a resident of Illinois, alleges this District Court has

16  subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy

17  exceeds $75,000, exclusive of interest and costs, and the adverse parties are diverse of

18  citizenship. (docket # 1 at ¶ IV)  In his Complaint, Mr. Ball alleges an intentional tort claim

19  against the City and three unnamed Peoria Police Officers because they "lied at trial

20  regarding their role in the well checks of the decedent, Eleanor R. Ball prior to trial on

21  October 7, 2005." (*Id*. at ¶ XVIII) (emphasis in original omitted). He alleges "[t]he damage

22  sustained by this unlawful conduct was to cause irreparable loss to the plaintiff by causing

23

24             [2] 2:08-cv-00746-GMS, Ball v. Schubert, filed 04/18/08; 2:09-cv-00065-GMS, Ball
25  v. Morgan Stanley Investment Bankers, filed 01/09/09; 2:09-cv-00066-GMS, Ball v. Jaburg
    & Wilk et al, filed 01/09/09; 2:09-cv-00085-GMS, Ball v. Stevens-Gobillard, filed
26  01/13/09;2:09-cv-00086-GMS Ball v. Blunt, filed 01/13/09; 2:09-cv-00122-GMS, Ball v.
    Southwest Fiduciary, Inc. et al, filed 01/21/09; 2:09-cv-00123-GMS, Ball v. Encore Senior
27  Living LLC et al, filed 01/21/09; 2:09-cv-00633-DKD, Ball v. Ball et al filed 03/30/09.

28

1   their actions to separate him from his parent the last Eight months of her life . . . ." (*Id.*)

2   (emphasis in original omitted).  Plaintiff alleges his mother died on April 28, 2006. (*Id.* at ¶

3   X)  Plaintiff seeks both compensatory and punitive damages against Defendants.

4                                    **GOVERNING LAW**

5           "[F]ederal courts sitting in diversity jurisdiction apply state substantive law and

6   federal procedural law." *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003);

7   *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Arizona's substantive law (tort law and

8   Notice of Claim statute) applies to this diversity, intentional tort action. *Vestar Dev. II, LLC*

9   *v. General Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001);  *Beesley v. Union Pacific R.*

10  *Co.*, 430 F.Supp.2d 968, 970 (D.Ariz. 2006).

11  **I. Arizona's Notice of Claim Statute**

12          "Before initiating an action for damages against a public entity, a claimant must

13  provide a notice of claim to the entity in compliance with Arizona Revised Statute ("A.R.S.")

14  section 12-821.01 (2003)."[3] *Deer Valley Unified School District No. 97 v. Houser*, 214 Ariz.

15  293, 152 P.3d 490 (Ariz. 2007); see also, *Pritchard v. State*, 788 P.2d 1178, 1183 (Ariz.

16  1990); *Tryon v. Avra Valley Fire Dist.*, 659 F.Supp. 283, 284 (D.Ariz. 1986). The

17  requirement of filing a Notice of Claim with the State is mandatory and must be complied

18  with before a plaintiff can maintain a cause of action against it. *Pritchard*, 788 P.2d at 1183.

19  _____

20          [3] A.R.S. § 12-821.01. Authorization of claim against public entity or public employee

21          A. Persons who have claims against a public entity or a public employee shall
22          file claims with the person or persons authorized to accept service for the
            public entity or public employee as set forth in the Arizona rules of civil
23          procedure within one hundred eighty days after the cause of action accrues.
            The claim shall contain facts sufficient to permit the public entity or public
24          employee to understand the basis upon which liability is claimed. The claim
            shall also contain a specific amount for which the claim can be settled and the
25          facts supporting that amount. Any claim which is not filed within one hundred
26          eighty days after the cause of action accrues is barred and no action may be
            maintained thereon.
27

28  A.R.S. § 12-821.01.

"Claims that do not comply with A.R.S. § 12- 821.01.A are statutorily barred." *Deer Valley*, 214 Ariz. at 295, 152 P.3d at 492. The claim must contain facts that will sufficiently enable the public entity or public employee to appreciate the basis of liability upon which the claim is founded. A.R.S. § 12-821.01(A). A specific amount for which the claim can be settled must also be included in the claim, along with facts supporting that amount. *Deer Valley*, 214 Ariz. at 296, 152 P.3d at 493 ("[It] simply requires that claimants identify the specific amount for which they will settle and provide facts supporting that amount."). Failure to file a Notice of Claim meeting the requirements of § 12-821.01(A) within 180 days after the accrual of the cause of action bars a claimant from proceeding on his or her state law claims against a public entity or public employee. *Id*.

In *Harris v. Cochise Health Systems*, the Arizona court stated that when a claim is asserted against a public employee and his or her employer, the claimant "must give notice to both the employee individually and to his employer." 215 Ariz. 344, 351, 160 P.3d 223, 230 (Ariz.Ct.App. 2007) (quoting *Crum v. Superior Court*, 922 P.2d 316, 317 (Ariz.Ct.App. 1996). Compliance with § 12-821.01 is mandatory and "is not cured by actual notice or substantial compliance." *Id*. at 231. Failure to comply with the statute "bars any claim against the . . . employee." *Id*. (quotations and citations omitted).

The statutory requirements of A.R.S. § 12-821.01(A) "serve several important functions: They 'allow the public entity to investigate and assess liability, . . . permit the possibility of settlement prior to litigation, and . . . assist the public entity in financial planning and budgeting.'" *Deer Valley*, 214 Ariz. at 295, 152 P.3d at 492 (quoting *Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 527, 144 P.3d 1254, 1256 (Ariz. 2006)).

However, A.R.S. § 12-821.01(A)'s requirement for filing a Notice of Claim constitutes a "procedural rather than a jurisdictional requirement and, 'like a statute of limitations, this procedural requirement is subject to waiver, estoppel and equitable tolling.'" *McGrath v. Scott*, 250 F.Supp.2d 1218, 1236 (D.Ariz. 2003) (quoting *Young v. City of Scottsdale*, 193 Ariz. 110, 113, 970 P.2d 942, 945 (Az.Ct.App. 1998) (quoting *Pritchard v. State*, 163 Ariz. at 432, 788 P.2d at 1183))

1      Even if a valid Notice of Claim is timely filed, A.R.S. § 12-821 provides, "All

2  actions against any public entity or public employee shall be brought within one year after

3  the cause of action accrues and not afterward." A.R.S. § 12-821. In Arizona, "a cause of

4  action does not accrue," and the statute of limitations does not begin to run, "until the

5  plaintiff knows or with reasonable diligence should know the facts underlying the cause."

6  *Franklin v. City of Phoenix*, 2007 WL 1463753, * 2 (D.Ariz. 2007) (quoting *Gust, Rosenfeld*

7  *& Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 588, 898 P.2d 964, 966 (Ariz.

8  1995) (citation omitted)). "This 'discovery rule' applies with equal force where, as here, a

9  litigant brings suit against a public entity or a public employee.'" *Id.*(citing A.R.S. §

10 12-821.01(B) ("[A] cause of action accrues when the damaged party realizes he or she has

11 been damaged and knows or reasonably should know the cause, source, act, event,

12 instrumentality or condition which caused or contributed to the damage.").

13 **II. Procedural v. Jurisdictional**

14     The Arizona Supreme Court has held "that filing a timely claim [pursuant to

15 § 12-821.01] is not a jurisdictional prerequisite to bringing suit, but is a requirement more

16 analogous to a statute of limitations." *Pritchard*, 788 P.2d at 1181, 1183. Thus, Arizona's

17 statutory notice requirements with respect to filing a Notice of Claim are procedural, rather

18 than jurisdictional. *Id*. at 1183 ("The requirement of filing a claim with the [public entity] is

19 mandatory and an essential requisite to plaintiff's cause of action. Nonetheless, the time

20 element with respect to filing is essentially procedural in nature.") This District Court,

21 therefore, has treated the failure to exhaust nonjudicial remedies by non-compliance with §

22 12-821.01 as a matter in abatement, which is subject to an unenumerated 12(b) motion to

23 dismiss. *Louis Baker v. City of Tempe*, 2008 WL 2277882, at *1 (D.Ariz. 2008) (citing *Wyatt*

24 *v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003)). "In deciding a motion to dismiss for a

25 failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide

26 disputed issues of fact." *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's &*

27 *Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) (per curiam)).

28                              **DISCUSSION**

As previously mentioned, Arizona's Legislature has provided that "[a]ny claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon." A.R.S. § 12-821.01(A).  In his Complaint, Mr. Ball alleges that the police officers allegedly "lied at trial regarding their role in the well checks of the decedent, Eleanor R. Ball prior to trial on October 7, 2005." Like the plaintiff in *Deer Valley*, if Mr. Ball failed to file a timely and valid Notice of Claim, he can no longer file a notice of claim within the statute's one hundred eighty day time frame. Additionally, Mr. Ball filed this lawsuit against the City on March 30, 2009, which is three and one-half years after the October 7, 2005 trial referred to in his Complaint and over three years after his mother's death on April 28, 2006. (docket # 1 at ¶¶ XVIII, X). The Court will order Mr. Ball to show cause why his lawsuit against the City and its Police Department is not barred by A.R.S. § 12-821.01(A) for failure to file a Notice of Claim and to file suit within the one-year statute of limitations mandated by A.R.S. § 12-821.

Accordingly,

**IT IS ORDERED** that Plaintiff shall show cause in writing on or before **Monday, April 20, 2009** why this lawsuit against the City and its Police Department should not be dismissed with prejudice for failure to file a Notice of Claim per A.R.S. § 12-821.01(A) and failure to file this lawsuit within the one-year statute of limitations as required by A.R.S. § 12-821. If Plaintiff justifies the continued viability of this suit, the Court will allow Plaintiff to file an Amended Complaint provided the full filing fee is timely paid.

DATED this 6th day of April, 2009.

Lawrence O. Anderson
United States Magistrate Judge

- 6 -