**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Andrew Ball, personally and as Benefactor of the Eleanor R. Ball IrreLvg Trust 05/10/01,<br><br>Plaintiff,<br><br>vs.<br><br>The City of Peoria, Arizona,<br><br>Defendant. | No. CV-09-0635-PHX-LOA<br><br>**ORDER** |

This matter arises on the Court's review of Plaintiff Dennis Andrew Ball's ("Ball") Response to OSC, docket # 10, its attachments, and the file as a whole.

On March 30, 2009, Plaintiff filed a *pro se* Complaint against Defendants City of Peoria ("the City") and its Police Department. (docket # 1) Plaintiff expressly consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (docket # 3) Because Plaintiff is a *pro se* litigant seeking relief against a governmental entity, officer, or employee, and is proceeding *in forma pauperis*, the Court is required to screen Plaintiff's Complaint. 28 U.S.C. § 1915A(a),(b)(1), (2); *Reddogg v. Blackdog*, 2008 WL 5435323, * 2 (D.Mont. 2008). A district court must dismiss a complaint or portion thereof wherein a plaintiff, proceeding *in forma pauperis* against a a governmental entity, has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.*

1    As a result of the Court's screening in this case, it ordered Plaintiff to show cause in writing
2    why his Complaint should not be dismissed with prejudice for failure to state a claim upon
3    which relief may be granted pursuant to Rule 12(b)(6), FED.R.CIV.P.  (docket # 7)
4    After review of Plaintiff's Response and attachments to OSC, docket # 10, the
5    Court concludes that Plaintiff has minimally raised a colorable claim of compliance with
6    Arizona's Notice of Claim Statute, A.R.S. § 12-821.01, against the City to warrant
7    proceeding further with this litigation. Recognizing that compliance with Arizona's Notice
8    of Claim Statute and/or lawsuits filed outside the applicable statute of limitations are not
9    jurisdictional issues, but rather, are "subject to waiver, estoppel and equitable tolling[,]"
10   *Pritchard v. State*, 163 Ariz. 427, 432, 788 P.2d 1178, 1183 (Ariz. 1990); *McCloud v. State*,
11   217 Ariz. 82, 85, 170 P.3d 691, 694 (Az.Ct.App.2007), the Court will address these issues
12   when and if raised by Defendant in the context of the adversary process.  The Court,
13   however, will dismiss the Peoria Police Department because it is not a jural entity separate
14   and apart from the City itself. *Gotbaum ex rel. Gotbaum v. City of Phoenix*, 2008 WL
15   4628675, * 6-7 (D.Ariz. 2008) ("[T]he Court concludes that the Phoenix Police Department
16   is a subpart of the City of Phoenix, not a separate entity for purposes of suit."); *Austin v.*
17   *State of Ariz.*, 2008 WL 4368608, *5 (D.Ariz. 2008).
18   On January 10, 2009, the undersigned granted Plaintiff's Motion to Proceed
19   *In Forma Pauperis* in CV-09-0122-PHX-GMS which was later reassigned to District Judge
20   Snow. (docket # 4) Subsequently, the Court has discovered that Ball has filed, at least, nine
21   (9) different lawsuits, including the case *sub judice*, in the Phoenix Division of this District
22   Court, most, if not all, related to the same core of facts. In fact, on January 13, 2009, Ball
23   filed this identical lawsuit, entitled *Ball v. City of Peoria, Arizona*, CV-09-00084-PHX-JAT,
24   which was dismissed without prejudice at Ball's request on March 13, 2009 shortly after the
25   assigned District Judge, the Honorable James A. Teilborg, denied Ball's Motion for Leave
26   to Proceed *In Forma Pauperis*. Two weeks later, Ball refiled the identical Complaint in this
27   case that he filed in CV-09-00084-PHX-JAT in an apparent improper attempt at either "judge
28   shopping" or to avoid paying the $350.00 filing fee ordered by Judge Teilborg.

1 Although it is a close question and recognizing the *IFP* form does not ask *pro se* litigants to identify their monthly liabilities and necessities of life (food, water, electricity, etc.), the Court finds that Ball's Motion for Leave to Proceed *In Forma Pauperis*, docket # 5, demonstrates he qualifies for *IFP* status. The Court will grant his Motion for Leave to Proceed *In Forma Pauperis* even though Ball will be rewarded for "gaming" the system.

Accordingly,

**IT IS ORDERED** that Plaintiff's claim against the City of Peoria Police Department is **DISMISSED** without prejudice because it is not a jural entity separate and apart from the City of Peoria.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, docket # 5, and Motion for Service, docket # 4, are **GRANTED** without prepayment of costs or fees or the necessity of giving security therefore. Service of the Complaint and Summons by waiver or otherwise on Defendant shall be at Government expense by the U.S. Marshal Service or his authorized representative.

**IT IS FURTHER ORDERED** that:

1. The Clerk of Court is kindly directed to promptly send Plaintiff a service packet including the Complaint, docket # 1, and this Order, and summons, request for waiver forms, and form to consent to magistrate judge for Defendant City of Peoria.

2. Plaintiff must complete and return the service packet to the Clerk of Court within **20 days** of the filing of this Order. The United States Marshal Service will not provide service of process if Plaintiff fails to comply with this Order.

3. If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within **120 days** of the filing of the Complaint or within **60 days** of the filing of this Order, whichever is later, this action may be dismissed. Fed.R.Civ.P. 4(m); LRCiv 16.2(b)(2)(B)(I).

4. The United States Marshal Service must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

1    5.  The United States Marshal Service must notify Defendant of the
2 commencement of this action and request waiver of service of the summons pursuant to Rule
3 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy
4 of this Order. The Marshal Service must immediately file requests for waivers that were
5 returned as undeliverable and waivers of service of the summons. If a waiver of service of
6 summons is not returned by Defendant City of Peoria within 30 days from the date the
7 request for waiver was sent by the Marshal Service, the Marshal Service must:

> (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant personally pursuant to Fed.R.Civ.P. 4(e)(2); and
>
> (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal Service for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms, if required. Costs of service will be taxed against the personally served Defendant pursuant to Fed.R.Civ.P. 4(d)(2), unless otherwise ordered by this Court.

15    7. If Defendant agrees to waive service of the Summons and Complaint, it
16 must return the signed waiver forms to the United States Marshal Service, not Plaintiff.

17    8. Defendant must answer the Complaint or otherwise respond by appropriate
18 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
19 Rules of Civil Procedure.

20    9.  If Plaintiff fails to comply with this Order, the Court may dismiss this
21 action without further notice. *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (*pro
22 se* complaint dismissed for failure of USMS to serve process within 120 days due to
23 plaintiff's failure to communicate with USMS); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61
24 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any court
25 order).
26 / / /
27 / / /
28

- 4 -

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Consolidate Case, docket # 6, is **DENIED.**

DATED this 29th day of April, 2009.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge