1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Andrew Ball, personally and as benefactor of the Eleanor R. Ball IrreLvg Trust 5/10/01,<br><br>  Plaintiff,<br><br>vs.<br><br>City of Peoria, Arizona, an Arizona municipal corporation, and Peoria Police Department<br><br>  Defendants. | No. CV-09-635-PHX-LOA<br><br>**ORDER** |

On March 30, 2009, Plaintiff, proceeding *pro se*, filed a Complaint against the City of Peoria, Arizona, and its Police Department. (docket # 1) Plaintiff, apparently a citizen of Illinois, invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332, alleging that the amount in controversy exceeds $75,000, and the adverse parties are diverse of citizenship. On April 30, 2009, the Court dismissed Plaintiff's claims against the City of Peoria Police Department. (docket # 12) The City of Peoria, the only remaining defendant, moves to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6). (docket # 18) Plaintiff filed a response, docket # 25, to which Defendant replied, docket # 26. Accordingly, this matter is ready for ruling.[1] Because the parties' briefings are adequate for resolution on the pleadings, the Court

---

[1] All parties have consented to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c). (docket # 23)

denies Defendant's request for oral argument. *Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999). (docket # 18)  For the reasons set forth below, the Court will grant Defendant's Motion to Dismiss.

**I. Background**

In his Complaint, Plaintiff alleges an intentional tort claim against the City of Peoria, stemming from a trust that was formed on May 10, 2001 of which his mother, Eleanor Ball, was trustee. (docket # 1 at 2)  In early 2004, Eleanor Ball became incapacitated and Morgan Stanley assumed the position of trustee. (docket # 1at 2)  On March 17, 2004, "Jonathan P. Schubert was appointed by the Court as a representative of Eleanor R. Ball." (*Id.* at 3) The "court" also appointed Southwest Fiduciary as "a guardian/conservator for the benefit of Eleanor Ball." (*Id.*)  Schubert, who is now deceased, and Southwest Fiduciary "participated at trial on October 7, 2005." (*Id.*)

On September 21, 2005, Plaintiff "petitioned the court" to remove Morgan Stanley as trustee. The petition was granted, and Plaintiff was appointed trustee. Plaintiff alleges that he is also the beneficiary of the trust and that "his interest in the Trust is 100% of the Trust upon the death of Eleanor R. Ball." (*Id.*)  Eleanor Ball died on April 28, 2006. (*Id.*)

Plaintiff claims that Southwest Fiduciary drained the assets of Eleanor Ball's trust "with the explicit agreement of John Schubert." (*Id.* at 3-4)  Plaintiff further alleges that Schubert breached his fiduciary duty to Plaintiff and Eleanor Ball by "placing his own interests above those of his client and the Plaintiff . . . ." (*Id.* at 4)  Plaintiff claims that Schubert's conduct caused financial damage to Plaintiff by wasting the assets of the trust, which were once valued in excess of $800,000.00. (*Id.*) Plaintiff "is still in the process of recovery and petitions this Defendant to compensate [Eleanor Ball's] estate for that which they lied and contributed to at trial on October 7, 2005." (*Id.*)  Plaintiff claims that "Schubert conspired with others to create unnecessary attorney fees and drain" Eleanor Ball's trust. (*Id.* at 5)

Plaintiff's only allegations even marginally related to the City of Peoria are that:

Three police officers of the Peoria Police Department lied at trial regarding

> their role in the well checks of the decedent, Eleanor R. Ball, prior to trial on October 7, 2005. The damage sustained by this unlawful conduct was to cause irreparable loss to the plaintiff causing their actions to separate him from his parent the last eight months of her life at the Encore Senior Village, Peoria, Arizona. Such unlawful conduct cannot be allowed to be sustained in a Civilized Society!"

(*Id*. at 4, ¶ 18)

Defendant seeks to dismiss the Complaint because Plaintiff failed to comply with Arizona's notice of claim statute, A.R.S. § 12-821.01. Defendant further argues that Plaintiff's allegations under Title 42 U.S.C. § 1983 fail to state claim. Because the Complaint does not make any allegations under § 1983, the Court will not consider Defendant's arguments pertaining to § 1983. (docket # 1)

## II. Governing Law

"[F]ederal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." *Ball v. City of Peoria*, 2009 WL 959550, * 1 (D.Ariz. 2009) (quoting *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Arizona's substantive tort law applies to this federal tort action. *Id.* (citing *Vestar Dev. II, LLC v. General Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001); *Beesley v. Union Pacific R. Co.*, 430 F.Supp.2d 968, 970 (D.Ariz. 2006).

## III. Legal Standard

In a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the district court considers the legal sufficiency of Plaintiff's claims. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true . . . ." *Twombly*, 550 U.S. at 555-56 (citations and emphasis omitted). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.*

When assessing the sufficiency of the complaint, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party." *Vignolo v. Miller*, 120 F.3d 1075, 1077(9th Cir. 1997) (citing *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996)). The district court is not required to accept every conclusion asserted in the complaint as true rather the court "will examine whether conclusory allegations follow from the description of facts alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (quoting *Brian Clewer, Inc. v. Pan American World Airways, Inc.*, 674 F.Supp. 782, 785 (C.D. Cal. 1986)).

**IV. Analysis**

    **A. Arizona's Notice of Claim Statute**

Arizona Revised Statute § 12-821.01 requires a claimant to provide a notice of claim to a public entity before initiating an action for damages against it:

> A. Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.
>
> B. For purposes of this section, a cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage.

A.R.S. § 12-821.01. These statutory requirements serve "to allow the public entity to investigate and assess liability, to permit the possibility of settlement prior to litigation, and to assist the public entity in financial planning and budgeting." *Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 527, 144 P.3d 1254, 1256 (Ariz. 2006) (quoting *Martineau v. Maricopa County*, 207 Ariz. 332, 86 P.3d 912, 915-16 (Ariz.Ct.App.2004)). The requirement of filing a notice of claim is mandatory. Claims that do not comply with the notice-of-claim statute are barred and no action may be maintained. A.R.S. § 12-821.01. In *Deer Valley Unified School District v. Houser*, 214 Ariz. 293, 152 P.3d 490 (Ariz. 2007), the Arizona Supreme Court made clear that it requires strict compliance with the statutory requirements of A.R.S. § 12-821.01. *Deer Valley*, 214 Ariz. at 295, 152 P.3d at 492.

As discussed below, Plaintiff's two notices of claim delivered to Defendant City of Peoria, dated September 22, 2008 and December 19, 2008, fail to comply with A.R.S. § 12-821.01 in several respects.[2] (docket # 18, Exhs. A, B)

**A. Timeliness**

If a notice of claim is not properly filed within the statutory time limit, a plaintiff's claim is barred by statute. *Falcon*, 213 Ariz. at 527, 144 P.3d at 1256. Defendant first argues that Plaintiff's claims must be dismissed because he did not timely serve a notice of claim. Defendant contends Plaintiff's claim accrued on October 7, 2005, the date of the "trial" during which three unidentified Peoria Police Officers allegedly offered the false testimony upon which Plaintiff's claims are based. Plaintiff served two notices of claim on the City of Peoria - first on September 22, 2008 and again December 19, 2008. Both notices were filed more than 180 days after the October 7, 2005 trial. In his Reply, Plaintiff argues that he timely served the City of Peoria a notice of claim, because the time for filing was "equitably tolled until October 7, 2008." (docket # 25 at 3) The Court need not resolve this issue because,

---

[2] A district court may consider materials attached to Rule 12(b)(6) pleadings if they are materials of which the court may take judicial notice. *Barron v. Reich*, 13 F.3d 1370, 1377 & n. 2 (9th Cir. 1994).

- 5 -

even if either of the notices was timely, both notices fail to meet the substantive statutory requirements of A.R.S. § 12-821.01.

### B. Facts Supporting Claims of Liability

Arizona Revised Statute § 12-821.01(A) requires that "the claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed." *Id*. The purpose of this statutory requirement is to allow the public entity to investigate and assess the claim. *Falcon*, 213 Ariz. 525, 144 P.3d 1254, 1256. Both notices of claim filed by Plaintiff discuss events surrounding a trust established in 2001 of which Plaintiff's mother was initially trustee. Plaintiff claims that certain individuals, who are not City of Peoria employees, drained the trust. He further argues that three unidentified City of Peoria Police Officers offered false testimony during a trial on October 7, 2005. Neither notice of claim includes facts describing Plaintiff's claims nor identifies the individuals who allegedly caused harm to Plaintiff. Plaintiff refers to a "trial" that took place on October 7, 2005, but does not state where or in what court that trial took place, or otherwise describe the nature of the proceeding, or the police officers' allegedly false testimony. Plaintiff does not provide the name of any City of Peoria employees involved or describe the injury Plaintiff suffered. Without such rudimentary facts, the City of Peoria could not investigate and assess the claim. Accordingly, the notices of claim fail to provide facts sufficient to permit the City of Peoria to evaluate the claim to understand the basis of the City's liability. Plaintiff's action is barred on this basis.

### C. Specific Amount and Supporting Facts

Plaintiff's two notices of claim also fail to include a specific amount for which the claim could be settled, and lack sufficient facts to support the requested settlement amount. Arizona Revised Statute § 12-821.01(A) requires that "the claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount." This language instructs claimants to include a particular and certain amount of money that, if agreed to by the governmental entity, will settle the claim. The attendant statutory obligation that claimants present "facts supporting that amount" requires that claimants explain the amounts identified

in the claim by providing the governmental entity with a factual foundation to permit the entity to evaluate the amount claimed. This latter requirement ensures that claimants will not demand unfounded amounts that constitute "quick unrealistic exaggerated demands." *Hollingsworth v. City of Phoenix*, 164 Ariz. 462, 466, 793 P.2d 1129, 1133 (Ariz.Ct.App.1990). Together, these statutory requirements ensure that governmental entities will be able to meaningfully consider a claim. *Deer Valley*, 214 Ariz. 293, 152 P.3d 490, 494.

In *Deer Valley*, the Arizona Supreme Court held that the claimant's notice of claim failed to state a "specific" amount for which the claim could be settled, and, therefore, did not comply with A.R.S. § 12-821.01(A)'s statutory requirement. In *Deer Valley*, the claimant provided the following information regarding her damages: loss of previous salary of $68,000.00 per year and an additional $7,000.00 per year for summer school; anticipated raise of $6000.00 for the upcoming school year and similar pay increases thereafter; $36,800.00 in salary for the current year, economic damages anticipated to be approximately $35,000.00 per year or more over the next 18 years; compensatory damages of no less than $300,000.00 for emotional distress; and general damages of no less than $200,000.00 for damage to her employment reputation. *Deer Valley*, 214 Ariz. 293, 152 P.3d 490*,* 492. The letter did not include information to support the amounts and merely demanded payment of said amounts. *Id*. The Arizona Supreme Court noted that claimant's "repeated use of qualifying language[,such as approximate, or more, and no less than,] makes it impossible to ascertain the precise amount for which the [Defendant School] District could have settled her claim." *Id*. at 493. The Court's finding only addressed whether the amount claimed was specific and did not make a finding as to whether the letter provided facts supporting the amount claimed. *Id* at 494 n. 3.

In *Backus v. State*, 220 Ariz. 101, 203 P.3d 499, 504-505 (Ariz. 2009), the Arizona Supreme Court clarified the supporting-facts requirement of A.R.S. § 12-821.01(A) as it pertains to the specific amount claimed. The Court held that a "claimant complies with the supporting-facts requirement of § 12-821.01(A) by providing the factual foundation that the claimant regards as adequate to permit the public entity to evaluate the specific amount claimed." *Id.* The Court further stated that "this standard does not require a claimant to provide

an exhaustive list of facts; as long as the claimant provides facts to support the amount claimed, he has complied with the supporting-facts requirement of the statute and courts should not scrutinize the claimant's description of facts to determine 'sufficiency' of the factual disclosure." *Id.* In *Backus*, claimant brought a wrongful death action based on her father's death while in the custody of the Arizona Department of Corrections. *Backus*, 220 Ariz. 101, 203 P.3d 499, 501. Claimant asserted that her father was 58-years-old when he died, mortality tables indicated that such a person had a life expectancy of 23.6 years, and sought damages in the amount of $21,500.00 per year for a period of 23.6 years, for a total of $507,400.00. *Id.* The Arizona Supreme Court concluded that claimant satisfied the supporting-facts requirement. *Id.* at 505.

In the instant case, Plaintiff did not state a specific amount for which he would settle the claim. Rather, in his September 22, 2008 notice, he demanded an amount "*in excess of* $100,000," which he raised to $1,000,000 in his December 19, 2008 notice of claim. (docket # 18, Exhs. A, B) (emphasis added). As the Arizona Court found in *Deer Valley*, Plaintiff's use of qualifying language does not satisfy the specific-amount requirement. *Deer Valley*, 214 Ariz. 293, 152 P.3d 490. Moreover, Plaintiff has also not complied with the supporting-facts requirement of § 12-821.01(A) because he fails to provide the factual foundation to permit the public entity to reasonably evaluate the specific amount claimed. *Backus*, 220 Ariz. 101, 203 P.3d at 504-505. In fact, Plaintiff provides no facts to support the amounts claimed. Although Plaintiff is not required "to provide an exhaustive list of facts[,]" he has not provided any "facts to support the amount claimed," and thus, he has not complied with the supporting-facts requirement of the statute. *Id.* at 505.

In summary, Plaintiff's claims against the City Peoria are barred for failure to comply with the notice-of-claim requirements articulated in A.R.S. § 12-821.01. *Nored v. City of Tempe*, 614 F.Supp.2d 991, 996 (D.Ariz. 2008) (citing *Falcon*, 213 Ariz. at 527, 144 P.3d at 1256).

In accordance with the foregoing,

**IT IS ORDERED** that the Motion to Dismiss filed by Defendant the City of Peoria, docket # 18, is **GRANTED** and that this action is dismissed in its entirety. The Clerk of Court shall enter judgment accordingly.

Dated this 11th day of September, 2009.

_Lawrence O. Anderson_
Lawrence O. Anderson
United States Magistrate Judge